UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN A. MAYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA N.A., et al.,<br><br>    Defendants. | Case No. 14-cv-03757-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 6, 12 |

Before the Court are Motions to Dismiss filed by Defendants Shoreline Assets Group and WCAL 3, LLC, and the Federal National Mortgage Association ("Fannie Mae") and Green Tree Mortgage. ECF Nos. 6, 12. Plaintiff has not opposed the motions. See ECF No. 10. For the reasons set forth below, the Court will grant both motions.

I.   **BACKGROUND**[1]

In November 2000, Plaintiff acquired an interest in a residential property located at 230 Pacific Avenue, Redwood City, CA 94043 ("the Property").[2] ECF No. 12 at 2. To purchase the

---

[1] Because Plaintiff's complaint fails to allege specific facts underlying his claims, this section is constructed from Defendants' motions to dismiss.

[2] Defendants have filed requests for judicial notice of several documents: (1) Plaintiff's complaint for unlawful detainer in the San Mateo County Superior Court, (2) grant deeds recorded in the San Mateo County Recorder's Office, (3) a copy of recorded deeds of trust for Plaintiff's loans on the Property, (4) a copy of the January 20, 2014 Notice of Default and Election to Sell Under Deed of Trust and the accompanying Notice of Default Declaration, which were both recorded in the San Mateo County Recorder's Office, (5) copies of Notices of Trustees' Sales relating to the Property and recorded in the San Mateo County Recorder's Office, and (6) a copy of the Trustee's Deed Upon Sale, which was recorded in the San Mateo County Recorder's Office. ECF Nos. 8, 13. Under Federal Rule of Evidence 201, a court may take judicial notice of matters that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." The Court will take judicial notice of these documents, as they are all matters of public record, which are generally subject to notice. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted).

Property, Plaintiff obtained a $252,700 loan from Downey Savings & Loan Association, which was secured by a deed of trust. Id. Plaintiff subsequently refinanced the home five times, receiving loans from First Nationwide Mortgage Corporation, Chevy Chase Savings, and Bank of America. Id. After receiving the fifth refinancing loan from Defendant Bank of America, Plaintiff failed to make required payments on the loan. Id. In January 2014, a notice of Plaintiff's default was issued and recorded, in the amount of $63,871.10. Id. Plaintiff failed to cure the default, and the Property was foreclosed on. Id. at 2-3.

The Property was then sold to Shoreline Assets Group, with the Deed Upon Sale recorded August 18, 2014. Id. at 3; ECF No. 6 at 7. Shoreline then conveyed a 50% interest in the Property to WCAL 3, LLC. ECF No. 6 at 7. On August 21, 2014, Shoreline filed an unlawful detainer action against Plaintiff to recover possession of the Property. Id.; ECF No. 8, Ex. A.

Plaintiff filed his complaint *pro se*, alleging nine causes of action. ECF No. 1 at 1. His claims are: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) slander of title; (5) quiet title; (6) intentional infliction of emotional distress ("IIED"); (7) declaratory relief; (8) violation of California Civil Code § 2932.5 ("§ 2932.5"); and (9) violation of California Business and Professions Code § 17200, *et seq.* ("§ 17200"). Id. Plaintiff names as Defendants Bank of America, Fannie Mae, Green Tree Mortgage, Shoreline Assets Group, and "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property."[3] Id.

## II. LEGAL STANDARD

A court must grant a motion to dismiss under Rule 12(b)(6) if a complaint fails to provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility exists when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must accept as true both the material facts alleged in the complaint and

---

[3] The complaint also refers to "Defendant MERS," which is not a named defendant. The complaint also refers to New York law in several places. See, e.g., ECF No. 1, ¶¶ 52-54. The Court advises Plaintiff to select more carefully the content of any amended complaint he files.

all reasonable inferences to be drawn from those facts. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). But "threadbare recitals of a cause of action's elements" and "mere conclusory statements" are insufficient to provide the requisite factual basis for a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Either the lack of a cognizable legal theory or the absence of sufficient facts to support a legal theory can provide a basis for dismissal. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).

A court must construe the pleadings of *pro se* plaintiffs liberally, but it may not provide essential factual elements that have not been alleged. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The court "must provide the *pro se* litigant with notice of the deficiencies of his or his complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992). Indeed, a court should grant such leave to amend unless amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000).

### III.   JURISDICTION

This Court has federal question jurisdiction over this action as a result of Defendant Fannie Mae's presence in the action. Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681 (9th Cir. 2014).

### IV.   ANALYSIS

Defendants move to dismiss all nine of Plaintiff's causes of action.

#### A.   Lack of Standing

Plaintiff alleges that Defendants lacked standing to foreclose on the Property because they "failed to perfect any security interest in the property," and thus that "the purported power of sale by" Defendants "no longer applies." ECF No. 1 ¶ 49. Further, Plaintiff alleges that "the only individual who has standing to foreclose is the holder of the note because they have a beneficial interest." Id. ¶ 50.

Shoreline and WCAL argue they have standing and a beneficial interest in the Property because, as bona fide purchasers, they are entitled to a conclusive presumption under California law that their title to the Property is valid. ECF No. 6 at 9-10 (citing Shiavon v. Arnaudo Bros., 84 Cal. App. 4th 374 (2001)). Fannie Mae and Green Tree contend that Plaintiff's theory regarding lack of standing fails because, under California law, foreclosure proceedings can be initiated

3

1  without the production of the original note.  ECF No. 12 at 6 (citing Hafiz v. Greenpoint Mortg.
2  Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009), and Dubose v. Suntrust Mortg., Inc.,
3  No. 5:11-CV-03264 EJD, 2012 WL 1376983 (N.D. Cal. Apr. 19, 2012).  And further, California
4  does not recognize a cause of action for "lack of standing."  ECF No. 12 at 7-8.  Defendants are
5  correct.

6  As to Shoreline and WCAL's purported failure to perfect their interest in the Property, the
7  Court finds that Shiavon precludes Plaintiff's claims.  Bona fide purchasers who take property as a
8  result of a reconveyance are entitled to a presumption of valid title, so long as the reconveyance
9  was voidable and not void.  Schiavon, 84 Cal. App. 4th at 378.

10  Here, Plaintiff does not allege facts or law that, if proven, would render Shoreline and
11  WCAL's title void; rather, Plaintiff's complaint alleges the deed of trust was "void or voidable,"
12  that "any documents that purport to transfer any interest in the Note . . . are void as a matter of
13  law, pursuant to New York trust law and the relevant portions of the PSA," and that "[a]ny attempt
14  to transfer the beneficial interest of a trust deed without actual ownership of the underlying note, is
15  void under law."  ECF No. 1, ¶¶ 13(e), 34, 62.  All of these bases for asserting that the deed of
16  trust is void fail.

17  The first statement does not establish that the deed of trust is void, only that it might be.
18  The second statement is irrelevant, because New York law is inapplicable and the alleged "PSA"
19  is an agreement to which Plaintiff has not alleged she was a party or beneficiary.  See Subramani
20  v. Wells Fargo Bank, N.A., No. C 13-1605 SC, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31,
21  2013) ("To the extent Plaintiff relies on violations of the PSA or any other agreements among the
22  parties, Plaintiff's claim fails.  As this Court has often explained, plaintiffs who are not parties to
23  PSAs lack standing to challenge that aspect of the securitization process's validity."); Jenkins v.
24  JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013) (same).  Finally, as discussed
25  more fully below, the lack of physical possession of a note does not void a sale.  Thus, the Court
26  presumes the validity of Shoreline and WCAL's title to the Property.

27  With respect to Defendants' alleged lack of a physical note, California law does not require
28  a trustee to have possession of the physical note before initiating foreclosure proceedings.  Hafiz,

652 F. Supp. 2d at 1043; Dubose, 2012 WL 1376983, at *3 (citing cases); Avila v. Countrywide Home Loans, Inc., No. 10-cv-05485 LHK, 2011 WL 1192999, *7 (N.D. Cal. Mar. 29, 2011) (citing cases). Thus, to the extent Plaintiff intends to challenge the foreclosure based on the trustee's failure to produce a physical note, his claim does not state a cause of action upon which relief can be granted. Id.

More fundamentally, Plaintiff's cause of action for "lack of standing" is not cognizable. Plaintiff attempted to allege Defendants' lack of standing based on the theories discussed immediately above—i.e., no physical possession of a note, and violation of a PSA—but because neither of those claims are viable, his attempt to allege a standalone claim for "lack of standing" also fails. And because "lack of standing" is not a viable claim, and therefore any attempt by Plaintiff to amend his complaint to fix the deficiencies in his allegations in support of the claim would be futile, the Court dismisses this claim with prejudice. Lopez, 203 F.3d at 1128.

### B.     Fraud in the Concealment and in the Inducement

Defendants challenge Plaintiff's fraud claims on the ground that they do not meet the heightened pleading standard for fraud imposed by the Federal Rules of Civil Procedure. ECF Nos. 6 at 10-11, 12 at 8-10.

Under Rule 9(b) of the Federal Rules of Civil Procedure, a Plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake including the who, what, when, where, and how of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." Avila, 2011 WL 1192999, at *3 (citing Ebeid v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2011)) (internal quotations omitted).

Plaintiff's fraud allegations either rest on theories the Court has already rejected or do not meet the heightened fraud pleading standard provided in Rule 9(b). Plaintiff claims that Defendants were not owners of "the Note" and the beneficiaries of the deed of trust, and that he detrimentally relied on Defendants' alleged misrepresentations about the terms of "Securitization Agreements." ECF No. 1 at 19-20. These allegations repeat those challenging Defendants' lack of a physical note and appear to rely on the PSA mentioned earlier in the complaint. As to the former, the Court has already rejected any legal challenge based on Defendants' alleged lack of a

physical note; the lack of physical possession of the note does not constitute fraudulent behavior. And as to the latter, Plaintiff has mentioned a PSA, but has not provided any specifics as to the PSA or that he was a party to or beneficiary of the PSA. Nor has Plaintiff made clear whether the purported "Securitization Agreements" are the same as the PSA he challenges throughout his complaint. Plaintiff's general and conclusory statements regarding "Securitization Agreements" fail, at the very least, to demonstrate the "who," "what," and "how" of his fraud claims. Plaintiff has failed to meet the pleading standard for his fraud claims, which must therefore be dismissed.

### C. IIED

Plaintiff alleges Defendants' actions were "outrageous and extreme" and those actions caused Plaintiff severe emotional distress. ECF No. 1, ¶¶ 75-85. Defendants argue this cause of action must fail because Plaintiff has failed to identify any extreme or outrageous conduct on Defendants' part (because the foreclosure and subsequent sale of the Property were legally valid). ECF Nos. 6 at 12, 12 at 10-11.

An IIED claim requires the following elements under California law: (1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by defendants' outrageous conduct. Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1989). Outrageous conduct must be 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Avila, 2011 WL 1192999, at *6 (citing Davidson). As was the case in Avila, "[n]one of Defendant[s'] acts, as alleged by Plaintiff, qualify as outrageous." Id. Plaintiff has not alleged facts sufficient to survive the motions to dismiss his IIED claim.

### D. Slander of Title

Plaintiff alleges that Defendants "disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed." ECF No. 1, ¶ 87. Plaintiff further alleges that "Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents,

Defendants had no right, title, or interest in the Property" and that "as a direct and proximate result of Defendants' conduct," Plaintiff's title to the Property was disparaged and slandered and he has suffered, and continues to suffer, damages and emotional and physical distress, and to incur expenses as a result. Id. ¶¶ 88-91. Finally, Plaintiff contends that, at the time Defendants engaged in the slanderous course of action, "Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff and deprive them [sic] of their exclusive right, title, and interest in the Property . . . ." Id. ¶ 92.

Fannie Mae and Green Tree counter that this claim must fail for two reasons: (1) a slander of title claim requires falsity, but there is "nothing false about the title documents recorded"; and (2) "recorded documents pursuant to nonjudicial foreclosure are absolutely privileged acts on which no tort claims of any sort, other than malicious prosecution, may be based." ECF No. 12 at 11-12. Shoreline and WCAL argue that Plaintiff made no specific allegation as to Shoreline and WCAL and that "Defendants had justification to record the Trustee's Deed Upon Sale, as they acquired the property at public auction on August 5, 2014." ECF No. 6 at 13.

The Court finds that Plaintiff's claim for slander of title, as alleged, fails as a matter of law. Slander of title includes the following elements: (1) a publication, (2) that is false, and (3) without privilege or justification, and (4) that causes direct or pecuniary loss. Dubose, 2012 WL 1376983, at *3 (citing Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal. App. 4th 1040, 1051 (2009)). Plaintiff only alleges the falsity of documents premised on the faulty theories discussed in Section IV.A., supra. Because those theories are not viable, Plaintiff's allegations of falsity fail, and so too does his claim for slander of title founded on those alleged falsities.

Further, the Court finds that the documents on which the slander of title claim is premised are privileged communications and for that reason are not actionable. See Dubose, 2012 WL 1376983, at *3 (citing cases and Cal. Civ. Code §§ 47, 2924(d)). Therefore, Plaintiff's slander of title claim is dismissed.

### E.     Quiet Title

Plaintiff asks the Court to grant him "equitable relief in the form of a judicial decree and order declaring Plaintiff to be the title owner of record of the Property as to the effective date of

said cancellation, and quieting Plaintiff's title therein and thereto . . . ." ECF No. 1, ¶¶ 95. Under California law, however, "a borrower may not assert quiet title . . . without first paying the outstanding debt on the property." Avila, 2011 WL 1192999, at *6 (citing Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994)); see also Lopez v. Nat'l Bank Ass'n, No. 10cv978 BTM (BGS), 2010 WL 3463622, at *4 (S.D. Cal. Aug. 31, 2010) ("[I]f the plaintiff has mortgaged the property, he must discharge the debt before a court will quiet title.") (citing Miller). As was the case in Avila, "Plaintiff has not alleged that he has paid the outstanding debt on the Property, or can do so." 2011 WL 1192999, at *6. Plaintiff's quiet title claims against Defendants must therefore be dismissed.

### F.   Declaratory Relief

Plaintiff alleges a claim for "declaratory relief." ECF No. 1, ¶¶ 97-104. Defendants argue that declaratory relief is not a cause of action, but instead a form of equitable relief that must be premised on a separate, standalone cause of action. ECF Nos. 6 at 14-15, 12 at 13. Because Plaintiff's other claims are not viable, Defendants argue, his request for declaratory relief must also fail. Id.

The Court agrees that declaratory relief is not a standalone claim. See 28 U.S.C. §§ 2201, 2202; Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. . . . It only permits the district court to adopt a specific remedy when jurisdiction exists.") (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-74 (1950)). The Court also agrees that, because Plaintiff's complaint will be dismissed in its entirety, no viable causes of action remain to support Plaintiff's request for declaratory relief. Plaintiff's declaratory relief claim must be dismissed.

### G.   Violation of § 2932.5

Plaintiff alleges that § 2932.5 "requires the recordation of an assignment of the beneficial interest in a deed of trust prior to foreclosure," and that Defendants "cannot show valid and recorded assignments." ECF No. 1, ¶ 107. Defendants respond that § 2932.5 is inapplicable because that section "applies only to mortgages under which a power of sale is given to the creditor, not to a deed of trust [that] grants the trustee, not the creditor, the power of sale." ECF

1   Nos. 6 at 15-16, 12 at 13-14.

2       Defendants are correct. Section 2932.5 applies only to mortgages, not foreclosures
3   wherein a deed of trust grants a trustee the power of sale. See Cal. Civ. Code § 2932.5 ("Where a
4   power to sell real property is given to a mortgagee . . . ."); Roque v. Suntrust Mortg., Inc., No. C-
5   09-00040 RMW, 2010 WL 546896, *3 (N.D. Cal. 2010) ("Section 2932.5 applies to mortgages,
6   not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to
7   deeds of trust which grant a power of sale to the trustee."). Because the non-judicial foreclosure
8   Plaintiff challenges here involved a sale by a trustee under a deed of trust, and not to a mortgage
9   that gave a power of sale to a creditor, Plaintiff's § 2932.5 claim fails as a matter of law and
10  cannot be remedied. It will be dismissed with prejudice.

    **H.**    **Violation of § 17200** *et seq.*

12      Plaintiff alleges no substantive allegations under § 17200 *et seq.*, California's Unfair
13  Competition Law ("UCL"). Instead, the totality of Plaintiff's UCL allegations is: "Plaintiff re-
14  alleges and incorporates by reference all preceding paragraphs as though fully set forth herein."
15  ECF No. 1, ¶ 110. Plaintiff provides no facts in support of this allegation. This is something less
16  than even the "conclusory" and "threadbare" pleadings that are subject to dismissal under Rule
17  12(b)(6). Iqbal, 556 U.S. at 678; Ivey, 673 F.2d at 268. Moreover, UCL claims must rest on an
18  underlying violation of law. Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1126 (N.D.
19  Cal. 2009) (citations omitted); see, e.g., Avila, 2011 WL 1192999, at *6. Because none of
20  Plaintiff's other causes of action are viable, Plaintiff has not pled an adequate UCL claim.
21  Accordingly, the Court grants Defendants' motions to dismiss this claim.

**CONCLUSION**

23      Plaintiff's lack of standing, declaratory relief, and § 2932.5 causes of action are dismissed
24  with prejudice. Plaintiff may not amend his complaint to attempt to cure the deficiencies of those
25  claims because doing so would be futile. Plaintiff may request declaratory relief based on
26  standalone causes of action alleged in any amended complaint he files.

27      Plaintiff's fraud, IIED, quiet title, UCL, and slander of title causes of action are dismissed
28  without prejudice. Plaintiff may amend his complaint to cure the deficiencies of those claims

identified in this order. To the extent Plaintiff re-alleges any of these causes of action, he may not premise the claims on the theory that Defendants lacked physical possession of the note, nor may he premise his claims on a PSA, unless he alleges the existence of the PSA, the parties to the PSA, and that he is a party to and/or beneficiary under the PSA.

Plaintiff may not amend his complaint to add further causes of action. If Plaintiff chooses to amend his complaint, he must do so within thirty days of the date of this order. If Plaintiff does not amend his complaint, it will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: January 14, 2015

_____
JON S. TIGAR
United States District Judge