UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN A. MAYEN,<br><br>              Plaintiff,<br><br>       v.<br><br>BANK OF AMERICA N.A., et al.,<br><br>              Defendants. | Case No.  14-cv-03757-JST<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: ECF No. 33 |

On February 27, 2015, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. ECF No. 33. Plaintiff did not respond to the order. The Court finds that Plaintiff has failed to prosecute this case and therefore will dismiss the case without prejudice.

I.      **BACKGROUND**

On August 19, 2014, Plaintiff Adan Mayen filed this action, alleging various claims related to Defendants' foreclosure of his residential property. ECF No. 1. Shortly thereafter, Defendants filed motions to dismiss the action. ECF Nos. 6, 12. Plaintiff did not oppose the motions. Plaintiff also did not file a consent or declination to proceed before a United States Magistrate Judge, so the case was reassigned to the undersigned on October 8, 2014. ECF No. 19.

Defendants re-noticed their motions to dismiss before this Court, ECF Nos. 21, 22, and Plaintiff did not respond to the re-noticed motions. The Court also issued a *sua sponte* referral for the purpose of determining the relationship of this action to another action. ECF No. 23. Plaintiff did not respond to that referral.

On January 14, 2015, the Court issued an order granting the Defendants' motions to dismiss. ECF No. 31. The Court granted Plaintiff leave to amend his complaint, and set February 13, 2015 as the deadline for filing the amended complaint. Id. at 10. The Court cautioned

Plaintiff that failure to file an amended complaint would result in his case being dismissed with prejudice. Id. Plaintiff did not file an amended complaint.

On February 27, 2015, the Court issued its order to show cause, asking Plaintiff to explain why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 33. The order to show cause advised Plaintiff that if he failed to respond, his complaint would be dismissed with prejudice. Id. at 1. Plaintiff was to respond to the order to show cause no later than March 20, 2015. Id. Plaintiff has not responded to the order to show cause.

## II.  LEGAL STANDARD

In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the district court judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order . . . ." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). To determine whether to dismiss a claim for failure to comply with a court order, a court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotations omitted).

## III.  DISCUSSION

Four of the five Pagtalunan factors strongly support the dismissal of this action.

The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to or comply with court orders, Plaintiff has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. In fact, Plaintiff has effectively not participated in this action since the

complaint was filed in August 2014. Plaintiff is effectively clogging the Court's docket with unpursued claims, diverting time and attention from other litigants who wish to pursue their actions. These factors weigh strongly in favor of dismissal.

As to the third factor—the risk of prejudice to defendant—"a presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 F.3d at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Plaintiff has provided no excuse for his failure to file an amended complaint, to respond to the order to show cause, or to pursue this action in any way. Actual prejudice arises where Defendants are unable to communicate with Plaintiff. Thus, this factor weighs strongly in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. The Court gave Plaintiff multiple opportunities to respond to or comply with the Court's orders: an opportunity to file an amended complaint and an express opportunity to explain his lack of diligence in prosecuting the action. Plaintiff also had the opportunity to respond to Defendants' motions to dismiss, to the consent or declination to proceed before a magistrate judge, and to the Court's referral regarding relating this case to another action. Plaintiff has not responded to any court filing or participated in this action since last year.

The Court also has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss the complaint with prejudice after the Plaintiff failed to comply with the Court's first order (by amending his complaint), the Court attempted the lesser sanction of issuing an order to show cause and providing another opportunity to comply. Cf. Yourish, 191 F.3d at 992. Plaintiff was aware that the Court was likely to dismiss this case, given its repeated warnings to Plaintiffs.

These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. See In re Phenyl propanolami ne (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1229 (9th Cir. 2006) ("warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of

sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case"). This factor strongly favors dismissal.

The fifth factor concerns the public policy favoring disposition of cases on their merits, which normally "strongly counsels against dismissal." PPA Prods. Liab. Litig., 460 F.3d at 1228. Nonetheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." Id. at 1228. Consequently, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotations omitted). Plaintiff's failure to comply with the Court's orders or to participate in the litigation has impeded all progress in this case. Thus, this factor is neutral at best.

Because granting further leave to amend would be futile, and because of the undue delay in this case, dismissal is with prejudice. See Yourish, 191 F.3d at 998 (affirming dismissal with prejudice for failure to timely amend complaint). Bearing in mind its obligation of sensitivity to *pro se* litigants, the Court has more than adequately "provide[d] the litigant with notice of the deficiencies" in his prosecution of this action, and provided several opportunities for compliance. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

Notwithstanding the public policy favoring the disposition of actions on their merits, the Court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action. In view of Plaintiff's lack of response to this Court's orders, the Court finds no adequate less drastic sanction is available. This action is hereby dismissed with prejudice pursuant to Rule 41(b). The Clerk shall close the file.

IT IS SO ORDERED.

Dated: March 24, 2015

_____
JON S. TIGAR
United States District Judge

4